### WILLIAM HOBBS v. THE STATE.

1. INDICTMENT.—The joinder in one indictment of the charges of theft and burglary is not a ground for arrest of judgment upon such indictment on a conviction for burglary.

2. BURGLARY.—The increased punishment fixed by the statute for the use of violence in effecting the crime of burglary, is attached to the use of actual force directed to effecting an entrance or toward some person, and such violence must be alleged to sustain a verdict for the increased punishment.

3. SAME—CHARGE OF COURT.—In an indictment for burglary, in which there was no allegation of force, it is error to instruct the jury that if the defendant "effected the entry by force" the increased punishment could be assessed.

4. BILL OF EXCEPTIONS.—Without a bill of exceptions the action of a court in refusing a motion to change the venue will not be considered.

APPEAL from Wood. Tried below before the Hon. Z. Norton.

*D. W. Crow*, for appellant.

*A. J. Peeler, Assistant Attorney General*, for the State.

GOULD, ASSOCIATE JUSTICE.—Under our statute the punishment of burglary varies with the character of the house,

the degree of force used, and the circumstances of the case. "When the house entered is not a dwelling-house," the punishment is confinement in the penitentiary not less than two nor more than five years ; but if it be a dwelling-house, the term is not less than three nor more than ten years. (Paschal's Dig., art. 2366.) If after entry the offense of theft be committed, the punishment is not less than two nor more than seven years in the penitentiary. (Paschal's Dig., art. 2369.) Article 2367 reads : " If the entry into a house be effected by force, the punishment for the offense shall be increased to not more than double the punishment which would otherwise be affixed to the offense. Force, within the meaning of this article, is any violence whatever opposed to any person or to any part of the house for the purpose of effecting an entrance." Evidently the force or violence which is thus made to aggravate the offense is something more than the "actual force" or "slightest force" sufficient to constitute a breaking in ordinary burglary. (Paschal's Dig., art. 2363.)

To subject a party to the increased punishment affixed in the article last cited, the indictment should contain an averment that the entry was effected by force, to wit, by violence opposed to some person or some part of the house, as the case might be. The principle that " the indictment must contain an allegation of every fact which is legally essential to the punishment to be inflicted," as asserted by Mr. Bishop, has heretofore been recognized by this court. (1 Bishop's Cr. Prac., sec. 81 ; The State *v.* Etheridge, Austin Term, 1875 ; Long *v.* The State, 36 Tex., 9.)

It follows that under an indictment for burglary, not charging that the entry was effected by force, it would be error for the court to instruct the jury, as was done in this case, that if the defendant " effected an entry by force you may assess the punishment by imprisonment in the penitentiary for any period of time not less than two nor longer than ten years." The indictment is in the ordinary form,

charging that defendant "with force and arms the storehouse of A. Wolf and F. Wolf, situate in the town of Quitman, fraudulently, feloniously, and burglariously did break and enter." The averments are those appropriate to a burglarious entry without violence, and one not sufficient to hold the defendant to answer, under article 2367, for an entry effected by force. (1 Bishop's Cr. Prac., sec. 83 ; 2 Ib., sec. 129.)

The verdict fixes the punishment at three years in the penitentiary, a period of punishment to which defendant was liable under the indictment. It is impossible to say, however, that the erroneous charge of the court may not have had some weight in leading the jury to affix three years imprisonment instead of the minimum of two years. The defendant is, we think, entitled to a new trial, because this error in the charge may have operated to his prejudice.

At a term preceding the trial an application for change of venue was overruled. It does not appear, by bill of exceptions or otherwise, that the action of the court was excepted to at the time, and we do not think the question of its correctness properly before us for revision. It may be that the court had good reasons for overruling the application which do not appear in the record, but which would have been stated in the bill of exceptions if the defendant had sought to have one signed.

There was a motion in arrest of judgment, based on the alleged insufficiency of the indictment. The principal ground specified in the brief of appellant's counsel is that the indictment charges both burglary and theft. This joinder seems to be contemplated by the statute, and is in accordance with authority. (Paschal's Dig., art. 2369 ; 2 Bishop's Cr. Prac., sec. 143.)

For the error in the charge the judgment is reversed and the cause remanded.

                         Reversed and remanded.