HENRY WILCOX & JOHN O'BRIEN V. THE STATE.

INDICTMENT—CHARGE OF THE COURT.—The defendants being tried
    upon a charge of burglary in the common-law form, without
    stating that the house was entered by violence of any kind, the
    judge instructed the jury that "if you believe from the evidence
    that the force used to enter said house consisted of violence of any
    character, you may increase the punishment of the defendant or
    defendants so found guilty, to confinement in the penitentiary for
    any length of time not to exceed double the time above specified,"
    (five years.)  The verdict of the jury was ten years for each of the
    defendants : *Held*, The charge of the court was erroneous and the
    verdict unwarranted, as the indictment did not charge that the
    house was entered by violence of any kind.

APPEAL from Limestone.   Tried below before the Hon. D.
M. Prendergast.

No counsel for appellants appeared in this court, but the
record shows that motions for a new trial and in arrest of
judgment were made and overruled by the District Court,
and the action of the court in this respect was assigned for
error.

*George Clark, Attorney General,* for the appellee.—The
double penalty seems to have been inflicted in both cases,
under the instructions of the court.   This has been held as
not permissible in the absence of an allegation as to *force*
in the indictment.   (Hobbs *v.* The State, 44 Tex., 353.)

ROBERTS, CHIEF JUSTICE.—The defendants were convicted
of the offense of burglary, and adjudged to be imprisoned in
the penitentiary ten years.

The indictment is in the ordinary form under the common-
law definition of said offense, charging that the defendants
did, in the night time, "burglariously break and enter" a
storehouse, with intent, &c., and connected with it was a
charge of theft of various goods, amounting in the aggregate
to more than twenty dollars, after the house was so entered.

The jury found a general verdict of guilty, as follows: "We, the jury, find the defendants guilty, and assess their punishment by confinement in the penitentiary for the term of ten years each." The court concluded the charge to the jury as follows, to wit: "If you find the defendants, or either of them, guilty, you will assess his or their (as the case may be) punishment at confinement in the penitentiary at any term not less than two nor more than five years; and if you further believe from the evidence that the force used to enter said house consisted of violence of any character whatever, you may increase the punishment of the defendant or defendants so found guilty to confinement in the penitentiary for any length of time not to exceed double the time above specified."

Taking the indictment, charge of the court, and the verdict in connection, it is obvious that the ground upon which the jury assessed the double punishment of ten years was the entry of the house by force, which is defined to be "any violence whatever opposed to any person or to any part of the house for the purpose of effecting an entrance." This was not charged in the indictment, and therefore the charge was erroneous and the verdict unauthorized. It was held by this court in a similar case that to justify the increased penalty, the fact which authorized it to be assessed must be alleged in the indictment; and it not being done, and the court having given such a charge, the verdict of the jury would be set aside on account of the error in the charge. (Paschal's Dig., art. 2367; Hobbs *v.* The State, 44 Tex., 353.)

This opinion applies equally to No. 496, between the same parties.

Reversed and remanded.