### GREEN GILDER v. THE STATE.

*No. 871.    Decided January 15th, 1896.*

**1.   Confessions—Testimony Given by Defendant on Another Trial.**

On the trial of one J., for the murder of one P., defendant, who had been theretofore
arrested and confined in jail as a witness to testify in said case, was brought into
court and without being warned by the officers or the court as to the consequences
of his testimony, he did testify in behalf of the State at said trial.    On the strength
of his testimony in that case, he was himself thereafter indicted for the murder of
P., and on his trial for said murder his testimony given on the trial of J., was pro-
posed to be introduced as evidence in the nature of confessions.    Held: That being in

custody and unwarned when said testimony was given by him as a witness, the same was inadmissable against him upon his own subsequent trial for the same murder.

## 2. Same.

A confession of complicity in a murder, made by a party to an officer having him in arrest as a witness, is inadmissible if the same was made without warning from the officer as to the consequences of any statement which he might make and this, notwithstanding at the time it was made the party knew he was himself suspected of the same murder, though no complaint or accusation had, as yet, been lodged against him. Following, Wood v. State, 22 Tex. Crim. App., 431.

APPEAL from the District Court of Tyler. Tried below before Hon. STEPHEN P. WEST.

This appeal is from a conviction for murder in the first degree, the punishment being assessed at imprisonment for life in the penitentiary.

On the night of the 11th day of December, 1893, one Polk Phillips, was assassinated at his home in Tyler County, Texas. Monroe Jackson was indicted for the murder. Defendant, Gilder, was a witness for the State on Jackson's trial, and his testimony amounted to a confession that he and Jackson were both present and acted together in the killing. Gilder was afterwards indicted for the murder, and upon his trial the State proposed to introduce proof of his testimony on the Jackson trial. It was objected that the evidence was inadmissible, because defendant, at the time the testimony was given, was in arrest and custody as a witness, and had not been cautioned and warned, either by the officers having him in charge, or the court. This objection was overruled by the court, and the testimony as to what defendant swore on the Jackson trial was admitted.

The other confession made to the officer, and which was also admitted, over objections of defendant, is shown in the following testimony of W. J. Collins, and it fully discloses all the essential facts in the case:

"The State then recalled the witness, W. J. Collins, and the State's counsel then asked him if he had a conversation with defendant, Green Gilder, about the killing of Polk Phillips, on the passenger train of the Sabine & East Texas Railway, in November, 1894, when he and defendant, Green Gilder, were on their way to Beaumont, Jefferson County, as witnesses in the said case against Monroe Jackson, for the killing of Phillips; the venue having been changed from Tyler to Jefferson County; and the witness answered that he did have such conversation, and that the statements made by defendant in such conversation were freely and voluntarily made, without persuasion, threats or compulsion; and the State's counsel then asked the witness to state the conversation; to which the defendant, by his counsel, objected, upon the ground that the defendant was in custody, and was not cautioned; and because his statements in said conversation were not freely and voluntarily made after being duly cautioned; and moved the court to permit him to make a preliminary issue before the court, and to hear proof therein, which was granted by the court. And, after hearing the testimony on said issue, the court overruled said objections, to which the defendant excepted—

after which the State recalled the witness, W. J. Collins, who testified as follows, to-wit: 'The defendant, Green Gilder, stated to me, in said conversation on the train, that Cary Geter hired him (defendant) and Monroe Jackson to kill Polk Phillips, because he (Geter) had had a fight with Phillips and was afraid of him. And that Geter had paid him (defendant) and Jackson twenty-five dollars to kill Polk Phillips, and was to pay them more, but the amount was not agreed upon. And on the night Phillips was killed, he (defendant) went down, as agreed between himself and Jackson, and sat on a stump near the church, and near Cary Geters' house, and waited for Monroe Jackson; and Monroe Jackson came from Cary Geter's house, bringing with him a double barreled shotgun and a Winchester rifle and gave him (defendant) the Winchester and Jackson kept the shotgun, and that they (Jackson and defendant) then went on up to Polk Phillips' house and Monroe Jackson took his stand near the buggy shed and he (defendant) took his stand near the corner of the garden; and that Polk Phillips came along and Monroe Jackson shot and killed him (Phillips); and that they then ran off and went back to the town. And Jackson took the guns; and that every word he (defendant) had testified, as a witness on the trial of Monroe Jackson, for the murder of Polk Phillips, on the first day of the District Court of Tyler County, was true; and that the reason he took it all back on the stand when he was recalled the next day, was, because L. F. Chester told him that if he did not do so, that he (defendant) would not live, and because he was scared. When he testified, the day before, that he would testify the same on the trial of Jackson, then pending, as he had done on said first day, if he knew that he would be protected, and that witness, Collins, then stated to defendant that he should tell the truth and that he and others would protect him. Witness, Collins, then, over objections and exceptions of defendant, related the testimony of defendant, given on the trial of Monroe Jackson, in the District Court of Tyler County, on the first day he testified on said trial, which was substantially the same as the statements made by defendant to said witness on the train, as detailed above, and on cross-examination, detailed his testimony when he was recalled the next day on said Jackson's trial, which, in substance was, that he, defendant, did not kill Phillips and knew nothing whatever about the killing of Polk Phillips; and that he had been persuaded to testify, as he had done at first, by Payne. Witness thought he said Pelham Payne, and that Doc. W. Durham was present when he so persuaded him to so testify. Witness, Collins, also testified that there was a light rain the night that Phillips was killed before he (witness) was notified of the killing."

[No briefs have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—The appellant in this case was tried in the court below under an indictment charging him with murder, was convicted of murder in the first degree, and his punishment assessed at con-

finement in the penitentiary for life.   From the sentence and judgment
of the lower court, he prosecutes this appeal.   The appellant makes a
number of assignments of error in this case, but there is only one propo-
sition that requires any consideration from us.   It appears that one
Monroe Jackson was indicted for the murder of the deceased, Polk
Phillips; he being the same person for the murder of whom the defend-
ant was subsequently indicted.   On the trial of the said Monroe Jackson,
the defendant, not then being under indictment, was used as a witness
on behalf of the State.   At the time of his so being used, he was held
under arrest, and was confined in jail as a witness to testify in said
case.   The defendant's testimony on this trial was subsequently, on the
trial of the defendant for the same murder, offered by the State as testi-
mony against him.   The same was admitted over his objections, and he
reserved his bill of exceptions.   This first trial occurred in Tyler
County, the place of the homicide, in December, 1893.   It further appears
that from some cause a mistrial was had of the case in Tyler County,
and the venue was changed to Jefferson County, and the trial was pend-
ing in said last-mentioned county in November, 1894.   It appears that
this witness, during the pendency of the case, was carried to the jail of
Trinity County, and kept there; and in November, 1894, he was being
carried from said Trinity County, by an officer to Jefferson County, as
a witness.   While on the cars en route, he made to the officer in charge
of him, and to others, a statement or confession as to his participa-
tion in the killing of Polk Phillips.   This confession, on the
trial of the appellant, was introduced in evidence, over his ob-
jection, and he reserved his bill of exceptions thereto.   The record
contains no evidence that when appellant testified in said cause
against Monroe Jackson, in Tyler County, and before giving in
his testimony in said case, he was warned by any officer or by the court;
nor does it appear that, prior to his making the statement or confession
to the officer and others on board the cars, he was warned by the officer.
or by any other person.   While it is true that no accusation or com-
plaint had been lodged against the appellant prior to his giving in said
testimony on the trial of Jackson, or prior to his statement on board the
cars, yet the record furnishes ample testimony that he was in custody
during all of said time, as stated, as a witness to be used in said case;
but it was also true that he was suspected of complicity in the murder
of said Polk Phillips, and that he knew that he was so suspected.   As
stated by this court in Wood v. State, 22 Tex. Crim. App., 431, which
is similar as to this question to this case (quoting from the case of
People v. McMahon, 15 N. Y., 384): "Tested by the rules of common
law, this testimony was not, under the circumstances, admissible against
the defendant on his trial."   And, under our statute, which regulates the
procedure in this regard, the confessions of the defendant made in his
statement as a witness on the trial of Monroe Jackson in Tyler County,
as also the statement made to the officer and others, while en route, as a
witness, to Jefferson County, were clearly not admissible.   He was

under arrest at the time, was in the custody of the officers, and no warning whatever was given him, as the statute requires under such conditions. See Code Crim. Proc., Art. 750. For the error of the court in admitting the testimony of the confessions of the defendant, which was the most material, if not the only, testimony upon which his conviction in this case rests, the judgment and sentence of the lower court must be reversed, and the case is accordingly reversed and remanded.

*Reversed and Remanded.*