## A. C. GRAMMER v. THE STATE.

### No. 2275.   Decided February 21, 1901.

**1. Evidence—Testimony of Defendant Before Examining Court.**

On an examining trial before a magistrate, defendant became a witness, and during his examination, when it became apparent that he was implicated in the commission of the offense, he was duly warned as to the consequences of his testimony, whereupon he continued to testify, and, after finishing, his written testimony was read over to, corrected and signed by him; Held, the written testimony was admissible as evidence against him on his subsequent trial for the offense.

**2. Aggravated Assault—Evidence—Insults to Female Relative—Bill of Exceptions.**

On a trial for aggravated assault, evidence of insulting conduct towards a female relative, communicated to defendant before the assault, does not reduce the offense, as in cases of homicide, where such insulting language and conduct is involved. Where the bill of exceptions to the exclusion of such testimony fails to show that the insults were communicated to defendant before the assault made by him, or that such assault was made at the first meeting with the assaulted party after defendant was informed of such insults, such bill is insufficient to show the admissibility of the testimony.

**3.—Same—Principals—Requested Instructions.**

On a trial for aggravated assault, where the court has sufficiently instructed upon the law of principals, it was not error to refuse to give a further requested instruction upon the same subject.

**4. Failure of Wife to Testify—Allusion to by County Attorney.**

It is permissible for the county attorney to allude to defendant's failure to prove certain facts by his wife.

APPEAL from the County Court of Parker.  Tried below before Hon. I. N. ROACH, County Judge.

Appeal from a conviction of aggravated assault; penalty, a fine of $50.

The information charged appellant with an assault upon Harve Dick, on the 15th day of January, 1900, by beating and bruising him with his fist and inflicting serious bodily injury upon him with some hard, unknown instrument.

No statement is required to further illustrate the questions discussed in the opinion of the court below.

*Haney & McKinsey,* for appellant.

*A. B. Flanary,* County Attorney, and *D. E. Simmons,* Acting Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $50; hence this appeal.

Appellant objected to the statement of A. C. Grammer taken in an examining trial at Millsap. It appears that prosecutor, Harve Dick, was assaulted at night, at the town of Millsap, just after he got off the train. His assailant was not known, and subsequently the magis-

trate proceeded, under article 941, Code of Criminal Procedure, to make an investigation, in order to ascertain who committed the assault. Among others, he had appellant, A. C. Grammer, before him, and examined him. His testimony was reduced to writing, signed, and sworn to by him. This, in connection with the testimony of Holt (the magistrate) and Flanary (the county attorney), was introduced against appellant on the trial of this case. The witness Flanary stated that when defendant was first introduced before the magistrate he was not warned; that, after he had testified a while, and from the nature of his testimony he suspected that witness (appellant) was implicated in the assault, he then warned him; that the testimony of appellant then proceded, and, after it was completed, he read over the statement to him, and corrections were made as suggested by the witness, and said witness then signed it. The testimony introduced was of a criminative character against appellant. The question is, was it admissible under the predicate laid? the rule being that testimony so taken is not admissible, although the party may not be arrested, if the party interrogated is suspected of the offense, and knows he is suspected, unless he has been warned in advance. Wood v. State, 22 Texas Crim. App., 431; Gilder v. State, 35 Texas Crim. Rep., 360. This seems to be an interpolation on our statute, or, rather, an exception outside of the statute, as the statute itself relates only to confessions made while under arrest, and requires that, before such confession shall be received in evidence against a party, due caution must be given. In Wood's case, supra, the condition of the party under such circumstances is treated as tantamount to an arrest, and that a confession under such circumstances is not voluntarily made in the absence of a statutory warning. However, in this case a warning was given, though this was pending the examination of appellant as a witness. At what stage of the proceeding is not made manifest, but appellant was warned before the conclusion of his testimony; and, after being warned, instead of refusing to further testify, he appears to have continued his testimony, and all that had gone before was read over to him, corrections were made, and the witness certified to it. Now, it occurs to us that the witness, after being warned, reiterated all the testimony that had gone before; thus ratifying his testimony after the warning given. It has been held that, where more than one confession has been made, though the first may be inadmissible, the subsequent one may be admitted. White v. State, 32 Texas Crim. Rep., 625; Walker v. State, 9 Texas Crim. App., 38; Id., 7 Texas Crim. App., 245. And the same principle has been applied in case of dying declarations. Bryant v. State, 35 Texas Crim. Rep., 394. We accordingly hold that the testimony was admissible.

The court properly excluded the testimony of the witness Pistole as to conversations between Pistole and the prosecutor, Harve Dick, some two years before the alleged assault, in regard to the sister of the wife of appellant. The witness could not be definite as to when

he repeated these conversations to appellant. His recollection was that he told him after the difficulty, and he thought that he told him before the difficulty. Aside from this, there was no effort on the part of appellant to prove that the assault was committed at their first meeting after he heard of the reflections on his wife's sister. His defense was that he did not commit the assault at all; that he was not present. More than this, we do not understand that our law makes an assault, which would otherwise be an aggravated assault, a simple assault, because of insults towards a female relative, communicated prior to the assault. The statute only reduces a homicide on this account from murder to manslaughter. It is not necessary, however, to decide as to the admissibility of this character of evidence in mitigation of the offense, inasmuch as the bill of exceptions does not show the admissibility of the testimony as heretofore stated; that is, it does not show that the insult was communicated to appellant prior to the assault, much less does it show that it was on the first meeting between appellant and prosecutor after the communication to him. What we have said applies with more force to the testimony offered by appellant through the witness Will Little on the same subject.

What we have heretofore said with reference to the admissibility of the statement of appellant taken before the magistrate disposes of the charge asked on that subject by appellant. As stated, the testimony was admissible, and there was no testimony controverting the evidence of the county attorney, Flanary, given on this subject.

Nor do we believe that the court was required to give a charge, as requested by appellant, to the effect that mere knowledge on the part of appellant that an assault would be committed did not render him a principal in the offense. The court sufficiently instructed the jury on the doctrine of principals, and required the jury to believe beyond a reasonable doubt that appellant acted as a principal in committing the assault on the prosecutor, before they could find him guilty—having previously defined to the jury the law of principals.

There is nothing in the contention of appellant that the county attorney improperly alluded to the failure of appellant to prove certain facts by his wife. This is permissible. We have examined the record carefully, and, in our opinion, the evidence fully supports the verdict, and the judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]