## WALLIS JONES v. THE STATE.

### No. 3022.     Decided May 31, 1905.

**1.—Burglary—Charges Refused—Felony—Theft—Breaking.**

Where the evidence, in a case of burglary to commit theft, the indictment not charging and the proof not showing the value of the property the defendant intended to steal, showed that defendant was seen crouched near the door of a store house, drawing his arm out of a broken place in a glass door, and that there was a conflict of testimony whether the glass in said door was broken prior to the alleged burglary, it was error to refuse requested charges that if the glass was broken prior to the burglary, or the property defendant intended to steal was under the value of $50, or if the jury had reasonable doubt whether the defendant broke the glass for the purpose of committing theft, in either case to acquit.

**2.—Same—Statutes Construed—Indictment—Proof—Felony.**

Article 841, Penal Code, is a limitation on article 838, same code; the latter article which defines burglary to include an intent to commit a felony or theft, is controlled by the former which provides that where the entry is only of a part of the body the crime intended to be committed after such breaking must be a felony; and under article 842, same code, this must be through an aperture made by the accused. Before a conviction could be had the evidence must show that defendant broke the glass through which the evidence showed he inserted his arm, and that the property intended to be extracted was of or over the value of $50, making the theft a felony. Under the allegations in the indictment and the proof thereunder the value of the property was not stated or shown.

Appeal from the Criminal District Court of Harris. Tried below before J. K. P. Gillaspie.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Reynolds & Barkley,* for appellant.—Articles 841 and 842, Penal Code; 1 Bishop's Criminal Law, section 92, subdivisions 2, 3, 4 and 5.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a burglary conviction. A brief summary of the facts show that appellant was seen by a policeman crouched near a door of a house occupied by Cohen. The policeman who approached him says appellant drew his arm out of a broken place in the door—that portion of the door being glass. He arrested appellant. Cohen testified that he had occupied the house but a day or so, and if the glass in the door was broken prior to this alleged burglary he had not noticed it, though he was not willing to swear that it was not broken. The parties who occupied the house prior to Cohen's occupancy, testified that this break in the glass of the door occurred in a scuffle between two young negroes: one being thrown against it breaking an irregluar hole in the glass portion of the door. This occurred sometime prior to Cohen's occupancy, and of course prior to the alleged burglary.

It is contended under this state of case that the charge of the court was fatally defective in several respects. The charge is a general one submitting the issue of burglary, and breaking, etc., giving the general definition of breaking found in article 842, Penal Code. Special charge was requested submitting the issues claimed by appellant to be fundamentally apparent on the facts stated. This brings in review articles 841 and 842, construed in connection with article 838, Penal Code. Article 838 defines the offense of burglary as constituted by "entering a house by force, threats or fraud at night   *   *   *   with the intent   *   *   *   of committing a felony or the crime of theft." That portion of the article referring to day time burglary is omitted, as not involved. Article 841 provides: "The entry is not confined to the entrance of the whole body; it may consist of the entry of any part for the purpose of committing a felony." Article 842 provides in substance. that the slightest force is sufficient to constitute the breaking, such as lifting the latch of the door that is shut, or by raising a window, the entry at a chimney, or other unusual place, the introduction of the hand or any instrument to draw out the property through an aperture made by the offender for that purpose." The charges requested involve the question as to whether or not the insertion of the hand through a place already broken, with the intent to steal, constitutes burglary; and second, whether or not the insertion of the hand through a place broken by defendant for the purpose of committing theft of property under the value of $50 would be burglary. Third, the failure of the court to charge the jury if they had a doubt as to whether the glass was already broken, they should find appellant not guilty. In other words, before the conviction could have occurred, the proof should have shown beyond a reasonable doubt that appellant broke the glass in the door

Vol. 48 Crim.—22.

for the purpose of committing theft. Taking up the latter proposition first, there is no question of the error in refusing to charge the jury, as requested by appellant, that before a conviction could be had under any state of the law, the proof must show beyond a reasonable doubt that appellant broke the glass through which the policeman stated appellant had inserted his arm. If the glass was already broken, under the terms of article 842, he would not commit burglary by inserting his arm or hand, even for the purpose of committing theft. Construing articles 838, 841 and 842 supra, together, we are of opinion, that appellant would not be guilty under the peculiar facts of this case, unless the theft intended to be committed was a felony. While the general defini- tion of burglary includes, in the breaking, intent to commit a felony or the crime of theft, article 841 is a limitation upon that article, and provides that, where the entry is only of a part of the body, the crime intended to be committed after such breaking must be a felony. Under article 842, this must be through an aperture made by the party. So it would seem that by construing these articles together, where the breaking is only for the purpose of inserting a portion of the body, as the hand or arm, and extracting or taking property by means of this breaking from the house, the intended theft must amount to a felony, and that it is a limitation in this respect upon article 838. This does not militate but harmonizes with those decisions which discuss the ques- tion of the entry, where the purpose of the breaking is for the entry of the whole person into the house; for instance, where a person raises a window and only places his hand upon the window sill, not for the purpose of thus securing property from the house, but with the intent of entering the house with his entire person and thereafter obtaining property. If appellant broke the glass door and inserted his arm for the purpose of securing any property, it was none other than some hatter's tools lying on the table, just inside the door. There is no attempt to show the value of these articles. If they were under the value of $50, this would not be a burglary under our law, by the terms of article 841. However, if they were of the value of $50 or more and appellant actually broke the door, he would be guilty of the burglary. We believe this to be a proper construction to be placed upon these statutes when considered together, and renders them harmonious, other- wise there would be serious incongruity. Looking to the further pro- visions of article 841, supra, we find this language "or it may be con- stituted by the discharge of firearms or other deadly missile into the house, with intent to injure any person therein; or it may be constituted by the introduction of any instrument for the purpose of taking from the house any personal property, although no part of the body of the offender should be introduced." From the different clauses of this article, it will be discovered that it is not necessary to insert the whole body, if the house is entered with any part of the body for the purpose of *committing a felony,* but the crime of burglary is completed if a felony is intended, provided there is a breaking; under the second clause

the offense of burglary may be based upon the fact that firearms were discharged into the house for the purpose of *injuring any person therein;* or it may be constituted by the introduction of an instrument, for the purpose of taking personal property out of the house, although no part of the body should be introduced.  So we see that where a part of the body is so introduced, it must be for the purpose of committing a felony, although the discharge of firearms with intent to injure any person would constitute burglary, or the introduction into the house of any instrument that would take property out of it if of any value. This seems clearly to indicate the legislative mind, purpose and intent to limit under the first clause the insertion of any part of the body, to the commission of a felony; and it occurs to us that this conclusion is inevitable when this clause of this statute is compared with the remaining clauses.  Why this distinction should have been made is not readily perceived, but it has been made, and this was for the Legislature.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.