## Will Williams v. The State.

### No. 4218.   Decided February 26, 1908.

**1.—Burglary—Charge of Court—Entry of Part of Body.**

Upon trial for burglary, where the evidence showed that a saloon window was broken in such a manner that an entry could not be made into it except by the insertion of the arm or some instrument, and some whisky in different size bottles was taken, the court did not err under article 841, Penal Code, in failing to charge that the property so stolen must be of the value of over fifty dollars to make it a felony.   Overruling Jones v. State, 48 Tex. Crim. Rep., 336, 87 S. W. Rep., 1157.   Approving Mason v. State, 100 S. W. Rep., 383.   Davidson, Presiding Judge, dissenting.

**2.—Same—Charge of Court—Specific Intent to Commit Theft.**

Where upon trial for burglary, the indictment charged burglary with the intent to commit theft, and no other felonious intent, the court's charge authorizing the jury to convict if they believed that either a felony was intended or the crime of theft, the same was reversible error.   Following Miller v. State, 28 Texas Crim. App., 445, and other cases.

**3.—Same—Evidence—Confessions—Arrest.**

Where upon trial for burglary, certain confessions of the defendant were admitted, when defendant claimed that he was under arrest, and the evidence showed that defendant made his statements to the prosecutor and others, before he knew that prosecutor was armed, etc., who afterwards took him to jail, he was not under arrest.

Appeal from the Criminal District Court of Dallas.   Tried below before the Hon. W. W. Nelms.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. S. Baskett,* for appellant.—Cited authorities in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for burglary, the punishment assessed being two years confinement in the penitentiary.

The facts show that a saloon window was broken in such manner that an entry could not be made into it except by an insertion of the arm or some instrument, and some whisky in different size bottles was taken. Appellant contends the construction placed on article 841, of the Penal

Code in the Jones case, 87 S. W. Rep., 1157, is applicable, and the principles there enunciated being disregarded by the trial court, should reverse this judgment. The writer agrees with appellant's contention; but that case was overruled in Mason v. State, 100 S. W. Rep., 383. The writer wrote the first opinion, and dissented in the latter, and has seen no occasion to change the conclusion reached in the Jones case; but the majority of this court hold that the Mason case to correctly decide the law, and this point urged by appellant is, therefore, overruled, and there is no error so far as this question is concerned in the ruling of the trial court. See Mason v. State, supra.

It is insisted the court committed error in the charge to the jury. Without setting out the language of the charge, it gives generally the statutory elements of burglary in regard to force, threats, and fraud, also the statutory definition of entry, and in applying the law, the court informs the jury that, if they should believe beyond a reasonable doubt that appellant entered the house with the intent to commit a felony, or theft, they would find him guilty. These definitions, except "force" are not called for by any fact in the case, and are urged as erroneous. But the error particularly emphasized is, that the court authorized a conviction of appellant if he committed a felony, and that the allegations of the indictment did not authorize this portion of the charge; but that the charge did authorize a conviction of appellant outside of the allegations in the indictment, which confined his specific intent to a breaking with the intent to commit theft. This charge of the court constituted error. The indictment charged burglary with the intent to commit theft. There was no felonious intent charged in the said indictment, and the court's charge authorized the jury to convict if they believed that either a felony was intended or the crime of theft. The court certainly could not have submitted to the jury any theory of intent to commit felony, unless it may have been theft. The property taken was of less value than $10. The court's charge authorized a conviction for an offense not charged, to wit: a burglary with the intent to commit a felony. Under the following authorities, we are of opinion that this was error of such moment as requires a reversal of the judgment. Miller v. State, 28 Texas Crim. App., 445; Bravo v. State, 20 Texas Crim. App., 188; Serio v. State, 3 S. W. Rep., 684; Lott v. State, 17 Texas Crim. App., 598; Buntain v. State, 15 Texas Crim. App., 486; Weeks v. State, 13 Texas Crim. App., 466; Sullivan v. State, 13 Texas Crim. App., 462; Hobbs v. State, 44 Texas, 353; Wilcox v. State, 45 Texas, 146.

Appellant moved to exclude the testimony of some matters occurring when he claims to have been under arrest. We are of opinion the facts as presented are hardly sufficient to show that he was under arrest at the time of the statements. The owner of the saloon testified that along about the middle of the day succeeding the burglary the previous night, he met appellant and requested him to go with him to the saloon of Bright, and asked Bright and Morris, one or both, if appellant

was the man from they got their whisky, and they replied in the affirmative. The testimony of this witness further shows that he was armed at the time, but appellant was not aware of that fact, and that they went away from this saloon, and the witness carried appellant to prison. At the time of the statement of these witnesses, in the presence of appellant, we are of opinion that he was not under arrest. See Hart v. State, 15 Texas Crim. App., 202.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*