### JOHN CALLOWAY v. THE STATE.

No. 4476.   Decided February 10, 1909.

**1.—Adultery—Without Living Together—Charge of Court.**

Where the defendant was tried for adultery for habitual carnal intercourse without living together, it was error in the court's charge to omit the words "without living together," as requested.

**2.—Same—Evidence—Confessions.**

Where upon trial for adultery it appeared that when defendant made a statement with reference to the transaction, he was suspected of the crime; that the prosecution followed almost immediately; that he was under the control of an officer by virtue of legal process; that he was not warned, and that the statement was not reduced to writing, the same was inadmissible in evidence.

**3.—Same—New Trial—Evidence—Codefendant's Testimony—Duress.**

Where upon motion for new trial, after conviction of adultery, the defendant showed that his paramour had been acquitted since his conviction, and that he expected to prove by her that he had no sexual intercourse with her; that the State's witness upon whose testimony he had been convicted swore against defendant under duress, etc., a new trial should have been granted.

Appeal from the County Court of Johnson.   Tried below before the Hon. F. E. Adams.

Appeal from a conviction of adultery; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of adultery, his punishment being assessed at a fine of $100.

The complaint and information charge that appellant and Alice Abohosh, a woman, committed adultery by having habitual carnal intercourse with each other without living together. The court charged the jury, that if they should find that the parties had habitual carnal intercourse with each other, etc., they would find appellant guilty. Appellant reserved an exception to this charge, because it omitted to instruct the jury that they must further find that habitual intercourse was had without living together. To cover the failure of the court's charge in this respect, appellant requested a special instruction to be given, which was in effect that before they could convict, they must find that the parties had habitual carnal intercourse without living together. This charge was refused. The statute provides two methods or modes by which adultery can be punished. One, where the parties have habitual carnal intercourse with each other without living together, and the other where they have intercourse when living together. The pleader selected the first method and so charged in this information. We believe appellant's contention is right, and the

court, having failed to charge the habitual intercourse "Without living together," should have given appellant's requested instruction.

The county attorney took the stand as a witness for the State and testified, among other things, that three or four days before August 22, he had a subpoena issued for appellant and had him brought to the county attorney's office for the purpose of examining him concerning violations of the laws of the State; that he asked him about Mrs. Alice Abohosh. In reply, appellant told him that he took Mrs. Abohosh to the Katy depot on the first Sunday in August, and put her on the train for Fort Worth, but he did not know then where she was. He says that he could not exactly say that Calloway was under arrest, but he had him brought to his office by a deputy sheriff on a subpoena which he had issued for him to testify in regard to another matter. He further states that appellant was not warned. Appellant's counsel objected to the introduction of this testimony because appellant was under arrest and was questioned with reference to this particular case, or rather the whereabouts of his paramour, and in this connection elicited from him the fact that he had sent her out of the county, or at least, had put her on the train to go to Fort Worth, and was not then aware of her whereabouts. Under the authority of Wood v. State, 22 Texas Crim. App., 431; Gilder v. State, 35 Texas Crim. Rep., 360, and Grimsinger v. State, 44 Texas Crim. Rep., 1, we are of opinion this exception was well taken. This matter occurred only three or four days before the 22d of August, and the complaint was filed on the 22d of August. Under the record as made, we are of opinion that this testimony was inadmissible inasmuch as appellant was then suspected of the crime, and that the prosecution followed almost immediately and the facts show, as stated by the county attorney, that he was under the control of an officer and of himself by virtue of process of the court, and was not warned. If he had been warned, under the present statute, his statements in order to have been used against him should have been reduced to writing and properly signed and witnessed.

In the motion for new trial, which was sworn to by defendant, it is made to appear that the paramour, Mrs. Abohosh, had been acquitted since appellant's conviction, and that he desired a new trial in order to secure her testimony which would be to the effect, that there had never been any sexual intercourse between them. Under a great number of authorities in this State, we believe this point is well taken. It is also asserted in the motion for new trial, which, as before stated, is sworn to by appellant, that the little girl of the paramour, Mrs. Abohosh, would testify differently upon another trial. She testified during the trial that on three occasions at some intervals, she had seen appellant and her mother in bed together. Appellant's affidavit is to the effect that the reason she so testified was, that she was threatened with punishment by her father if she did not so testify, and that she detailed her testimony

before the jury under fear of punishment from her father. He states further, that he could not secure her affidavit to this effect by reason of the fact that he could not reach her, because she was under the control of her father; and asked, in the motion, that the court compel her to be brought into court and interrogated. This was not done. It is unnecessary to go into a discussion of this matter because upon another trial her testimony can be obtained.

For the errors indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*