### TOM PHILLIPS v. THE STATE.

### No. 5614. Decided February 11, 1920.

### Rehearing denied March 24, 1920.

**1.—Theft of Chickens—Declarations of Defendant—Arrest.**

Where, upon trial of theft of chickens, the defendant made a statement to an officer that he had purchased the same and the officer had in no manner given an intimation that he intended to arrest the defendant, although this was his intention but unknown to the defendant, there was no error in admitting in evidence said statement. Following: Hart v. State, 15 Texas Crim. App., 230, and other cases.

**2.—Same—Written Confession—No Warning.**

Where the written statement of the defendant before the county attorney with reference to his possession of the alleged stolen property was made under such circumstances that he was in legal custody, and he was not warned that the same might be used against him, the same was inadmissible in evidence. Following: Callaway v. State, 55 Texas Crim. Rep., 262, and other cases.

Appeal from the County Court of Williamson. Tried below before the Hon. F. D. Love, judge.

Appeal from a misdemeanor theft of chickens; penalty, a fine of twenty-five dollars and one day confinement in the county jail.

The opinion states the case.

*Dan Moody,* for appellant.—On question of declarations of defendant: Clark v. State, 207 S. W. Rep., 98; Oliver v. State, 81 Texas Crim. Rep., 529, 197 S. W. Rep., 185; Dover v. State 81 Texas Crim. Rep., 545, 197 S. W. Rep., 192; Reynolds v. State, 82 Texas Crim. Rep., 443, 199 S. W. Rep., 636.

*Alvin M. Owsley,* Assistant Attorney General, *H. N. Graves,* County Attorney, for the State.—On question of confessions: Roberts v. State, 201 S. W. Rep., 998; Girtman v. State, 73 Texas Crim. Rep, 158, 164 S. W. Rep., 1008; Hiles v. State, 73 Texas Crim. Rep., 17, 163 S. W. Rep., 717; Moore v. State, 45, id., 809.

MORROW, JUDGE.—The appellant was convicted of theft, and punishment fixed at a fine of $25 and confinement in the county jail for one day.

The State relies almost exclusively upon the statements of the appellant to connect him with the offense. It appears that the owner named in the information lost some chickens, and that the constable entertained the suspicion that the appellant was connected with their disappearance, and went to appellant's restaurant, and there found some chickens that had been killed and dressed. Appellant explained his possession of them by stating that he had purchased them. The appellant objected to this testimony, advancing the theory that it was not admissible because the rules with reference to the introduction of confessions were not complied with. We think the contention is not tenable. It is true that the officer testified that he held the appellant under suspicion, and would not have permitted him to escape, but it does not appear that he gave any intimation of this state of mind to the appellant. The officer's intention, unknown to the appellant, would not bring his statements within the rule prohibiting the use of confessions made by one under arrest in the absence of compliance with the statute. Hart v. State, 15 Texas Crim. App., 230; Craig v. State, 30 Texas Crim. App., 630; Williams v. State, 53 Texas Crim. Rep., 3; Holmes v.

40—86—T. C.

State, 32 Texas Crim. Rep., 361; Branch's Annotated Texas Penal Code, p. 35, sec. 62.

It appears that after learning from the appellant that he was in possession of some chickens, and obtaining from him his explanation of his possession, the officer made some further investigation, and reached the conclusion that the appellant was guilty of the offense of either receiving stolen property knowing it to have been stolen, or of theft. This conclusion the officer appears to have reported to the county attorney, and received from him verbal authority to bring the appellant before him, acting upon which he directed the appellant to appear before the county attorney, which was done. The county attorney asked the appellant if he desired to make a statement about the chickens and appellant replied that he did. A statement was made and reduced to writing by the county attorney and signed by the appellant. There is no reference to a warning given in the statement and it affirmatively appears that none was given, the State relying for admissibility of the statement upon the proposition that the appellant was not under arrest at the time. He was not, according to the testimony of the officers, put in custody for some time after, but they held him under surveillance, and would not have permitted him to escape; but we think the circumstances surrounding him when and after he was directed by the constable to go before the prosecuting officer of the county were such as to indicate to him that he was in custody, and that the written statement there made by him was not usable against him. Patrick v. State, 74 S. W. Rep., 550; Callaway v. State, 55 Texas Crim. Rep., 262, 116 S. W. Rep., 575; C. C. P., Art. 810.

For the error in admitting the written statement under the circumstances detailed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Rehearing denied March 24, 1920.