## JUAN RUIZ v. THE STATE.

No. 7866. Decided November 28, 1923.

Rehearing denied January 30, 1924.

**1.—Theft of Cattle—Arrest—Confession.**

Where, upon trial of theft of cattle, defendant claimed that he was under custody of an officer and that his statement was not reduced to writing, etc., basing his objection on the fact that the officer testified that he suspected defendant as being the guilty party and would not have permitted him to escape had he tried to do so, but the officer's intentions could not have been known to appellant, his statements would not come under the rule prohibiting the use of confession made by one under arrest, etc. Following Phillips v. State, 219 S. W. Rep., 454.

**2.—Same—Circumstantial Evidence—Charge of Court.**

The confessions of the accused, and additional testimony for the State took the case out of the rule of circumstantial evidence, and there was no error therefore in refusing to charge on circumstancial evidence; nor was there any error in refusing the appellant's request for a peremptory charge of not guilty.

**3.—Same—Rehearing—Rule State—Confession—Custody.**

No matter what may be the intention of an officer, unless his official character be in some way disclosed to the accused by some word or act, or be known to him, or the proposition of arrest or restraint be imparted to the accused in some manner, it will not be held that a statement by the accused otherwise competent, will be inadmissible on the ground of arrest, etc. Distinguishing Zimmer v. State, 141 S. W. Rep., 781; Bonatz v. State, 212 S. W. Rep., 494.

Appeal from the District Court of Jim Wells. Tried below before the Honorable Hood Boone.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*L. Broeter* and *R. B. Ellis* and *S. H. Woods,* for appellant.—Cited cases in opinion.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Jim Wells County of catle theft, and his punishment fixed at confinement in the penitentiary for a period of two years. This is the second appeal. See 92 Texas Crim. Rep., 73, 242 S. W. Rep., 231.

J. W. Ewell had a bob-tailed red steer running in the Acebo pasture. Appellant lived in said pasture. The animal was seen alive by Mr. Ewell and a man in his employment a few days before the alleged theft. Getting word that a steer had been butchered in the Acebo pasture, Mr. Ewell took some men with him, one of whom was a deputy sheriff, and went down to investigate. They went by appellant's home and took him with them. Nothing was said to him about being under arrest and nothing appears in the record reflecting the fact that he even knew said deputy sheriff or of his official character. The party went to a thicket in said pasture adjoining some farm land and began to walk backward and forward through the thicket searching. Mr. Ewell came upon a quantity of meat hanging on trees and ropes, and in the ashes of a fire near by appeared recently burned bones, offal, etc. Upon making this discovery he called out. Appellant was the nearest man to him and came at once to Mr. Ewell. The latter said to appellant, "This is a pretty business," and appellant replied, "Yes, Soda, (that being a nick-name of Mr. Ewell), you have caught me now, I will tell you all,—I killed your steer, I don't know why I did it, I guess I was crazy; I butchered your steer, I don't know why I did it; you have always been my friend; you can give me twenty years if you want to, whatever you say is all right." It is also made to appear that the deputy sheriff was near by but we are unable to find anywhere in the statement of facts that he heard this conversation between appellant and Mr. Ewell. Appellant objected to the introduction of the statement made by him and just referred to upon the ground that he was in the custody of the deputy sheriff and that the statement was not reduced to writing and signed by him under the formalities required by Article 810, C. C. P. As part of his predicate upon which he based this objection he had the officer testify that he suspected appellant as being the guilty party and would not have permitted him to escape had he tried to do so. We find ourselves unable to agree with appellant's contention. The authorities cited in support thereof do not seem applicable. We think the case directly in line and controlled by the announcement made by us in Phillips v. State, 86 Texas Crim. Rep., 624, 219 S. W. Rep., 454, from which we make the following quotation:

"It is true that the officer testified that he held appellant under suspicion, and would not have permitted him to escape, but it does not appear that he gave any intimation of this state of mind to the appellant. The officer's intention, unknown to the appellant, would not bring his statements within the rule prohibiting the use of confessions made by one under arrest in the absence of compliance with the statute. Hart v. State, 15 Texas App., 630, 18 S. W. Rep., 207; Williams v. State, 53 Texas Crim. Rep., 3, 108 S. W. Rep., 371;

Holmes v. State, 32 Texas Crim. Rep., 361, 23 S. W. Rep., 687; Branch's Annotated Texas Penal Code, p. 35, Sec. 62.''

There was no error in refusing appellant's special charge on the law of circumstantial evidence. The confession of the accused took the case out of the rule of circumstantial evidence. Nor was there any error in refusing the appellant's request for a peremptory charge of not guilty. In addition to the confession referred to, a witness for the State testified that a couple of days prior to the finding of the meat, etc., by Mr. Ewell and his party, witness went with appellant at his request down into said pasture and assisted him in butchering a red bob-tailed steer. The steer described by this witness corresponded in every particular with that lost by Mr. Ewell.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

January 30, 1924.

LATTIMORE, JUDGE.—Appellant argues strenuously that he was under arrest when he admitted that he took and killed the steer of Ewell. The inadmissibility of the declaration of the accused when in custody, rests mainly on the probable effect upon the mind of the accused of such custody, etc. Testimony which shows by circumstances that the accused believed or knew himself to be under arrest or in custody or under restraint, may be ample to establish such fact, without any formal declaration to the accused by an officer of the fact of such arrest. The converse of this is true. No matter what may be the intention of an officer, unless his official character be in some way disclosed to the accused by some word or act, or be known to him, or the proposition of arrest or restraint be imparted to the accused in some manner, it will not be held that a statement by the accused otherwise competent, will be inadmissible on the ground of arrest, etc. Applying this in the instant case,—nothing in the record shows that appellant knew officer Grimes, or that he was a deputy sheriff or that such fact was made known to him in any way. Nothing was said about any arrest either in expressed words or inferentially. The searching party went to appellant's house and told him they wanted him to go with them down in the pasture. They all walked back and forth through the thicket looking for the meat of the animal supposed to have been killed. Ewell at last found it and halloed. Appellant was about fifteen yards from Ewell and came at once to him and said: ''Well, you have found it. . . . I killed it,'' etc. The fact that Mr. Grimes said he did not intend to let the appellant go away, unless communicated in some way to appellant,

would not suffice. The Zimmer case, 64 Texas Crim. Rep., 114, 141 S. W. Rep., 781, and the Bonatz case, 85 Texas Crim. Rep., 292, 212 S. W. Rep., 494, cited in the motion for rehearing, are cases evidencing the fact that the accused knew or believed himself to be in custody when he made the statements held objectionable. In Sec. 62 of Mr. Branch's Annotated P. C. will be found a citation of many authorities supporting the proposition advanced by us and above discussed.

The motion for rehearing will be overruled.