# FEBRUARY, 1925.

## M. D. PAYNE v. THE STATE.

No. 8024.    Delivered October 22, 1924.

Rehearing denied February 25, 1925.

**Possessing Intoxicating Liquor—Declarations of Accused—Res Gestae—Admissible.**

Where appellant upon the finding of a half-gallon jar, containing whisky in his car, made certain declarations admitting that the car was his, and inferentially that the whisky was also, no error was committed in admitting such declarations same being res gestae and his voluntary declarations, he not being under arrest at the time.

Appeal from the District Court of Jones County.    Tried below before the Hon. W. R. Chapman, Judge.

Appeal from a conviction of possessing intoxicating liquor for the purpose of sale; penalty, three years in the penitentiary.

The opinion states the case.

*Lon. A. Brooks,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Jones county of possessing intoxicating liquor for purposes of sale, and his punishment fixed at three years in the penitentiary.

Some negroes were picking cotton on the farm of Judge Chapman in Jones County, Texas. The judge and his wife drove out to said farm in the afternoon of October 13, 1921. Coming in sight they saw no one at first, but presently saw some parties get up out of the cotton. A Ford car was standing at the end of the cotton rows. Appellant was one of the parties out in the field, and later said this was his car and got in it and drove away. Before this, however, Judge and Mrs. Chapman found two half-gallon jars in appellant's car, covered up with sacks, etc. One was empty and the other contained whiskey. A short distance away from said car Mrs. Chapman's cook, who had gone out to pick cotton, was found on the ground drunk. Judge Chapman took the jar of whiskey in his hand and started toward appellant out in the field. The latter started away, but was called to a stop. Mrs. Chapman testified that she heard him say to her husband: "Let me off this time because I am sick and I can't make a living any other way," and "Be easy on me this time," or words to that effect. Witness Harrison said that as the party walked back toward the car appellant picked up a rock and made a motion as though he was going to hit the jar or the judge, the motion, in opinion of witness, being directed toward the jar. The case was submitted to the jury upon the theory of circumstantial evidence, and we are not able to conclude that they exceeded their rights in deeming the circumstances sufficient.

There is no evidence that appellant was under arrest when he made the statement to Judge Chapman which is above referred to, or that in anywise shows same to be other than his voluntary declaration.

One of the jars was empty and part of the contents of the other gone. That Mrs. Chapman's colored cook was lying drunk a short distance from the car in which the whiskey was, was a circumstance to show a disposition of part of the contents of said jar.

A bill complaining that a witness was allowed to state that appellant pickked up a rock and made a motion with it toward the jar of whiskey which Judge Chapman was carrying in his hand, presents no error. The completed act of destroying testimony would be clearly admissible and that the act fell short of completion would not seem to effect the admissibility of testimony of what was done. The only other bill is to the court's refusal of peremptory instruction in favor of the accused.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, Judge.—In his contention that Mrs. Chapman should not have been permitted to relate the statements made by appellant to Judge Chapman reliance is had upon Buddy v. State, 88 Texas Crim. Rep., 403, 227 S. W. Rep., 323; Phillips v. State, 219 S. W. Rep., 454; Calloway v. State, 116 S. W. Rep., 575. Buddy was sent for by the justice of the peace, went to the office, was there questioned and his statement reduced to writing. This case is easily distinguished from the present one. The Phillips case supports the state's position rather than appellant's. Phillips made two statements. The constable entertained suspicion against him relative to some stolen property, went to him and questioned him about the matter. His statements then made to the constable were held admissible. (See authorities cited in Phillips case.) Later, however, Phillips was taken to the county attorney's office, where he made another statement. This last was held inadmissible. The first and admissible statement was made under circumstances very similar to the one in the present case. In Calloway's case he was brought before the county attorney by subponea and the statements made under these circumstances were held inadmissible. In all three cases where the evidence was excluded the accused party had been brought before the officer, making his sense of restraint apparent. In this case appellant was present by his own voluntary act on the owner's premises, and when the jug of whiskey was seen in Judge Chapman's hand appellant made the statement complained of. He was not arrested, and as far as the record shows no mention was made of it. He left the field without hindrance and departed in his car. We entertain no doubt as to the admissibility of the evidence.

We have again reviewed the facts. The evidence was circumstantial and the case so submitted to the jury, but we can not agree that the facts do not support the verdict.

The motion for rehearing is overruled.

*Overruled.*