## NEAL OWENS V. THE STATE.

No. 19695.   Delivered April 20, 1938.

The opinion states the case.

*T. L. Price,* of Post, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for murder without malice; punishment, two years confinement in the State Penitentiary.

Appellant's main contention is that the evidence is insufficient to justify and sustain his conviction. In order that the basis for our conclusion in this case may appear, we deem it necessary to recite the salient facts proved upon the trial.

Mrs. J. N. Powers testified that about fifty feet back of her home there were five garages and a small servant's room; that between the garages and the servant's room was a narrow passage. On the morning in question, she heard two shots back of the garages and immediately went to the back of her home to ascertain their source. She could see nothing, however, because the shooting apparently was taking place back of the garages. Soon thereafter, the deceased came through the passage between the garages and the servant's room, holding his hand to his abdomen. She asked him what was the matter and he replied that he had been shot by "Neal." The wounded negro sat down on the back porch of Mrs. Powers' home and requested her to summon the sheriff and a doctor, which she did. He became unconscious shortly thereafter and died some thirty or forty minutes later. An examination of the body by the doctor revealed that the deceased had been shot in the abdomen, causing his death.

Frank Bailey, a plumber, who was working across the street from Mrs. Powers' home, testified that he heard a shot which attracted his attention. Looking up, he saw two negro men and a negro woman, but was unable to identify any of them or hear what had been said; neither did he see any weapons displayed by anyone. It appeared to him that one of the negro men was "going sideways" toward the passage between the garage and the servant's house, the other negro man following him and the woman following the latter.

The county attorney testified that about an hour after the shooting, he saw the appellant and four other negroes sitting on the curb near the court house; that he told him to come with him; that he took appellant to his office and began questioning him in connection with the death of the deceased, to which appellant made no reply. Thereupon, the county attorney advised him that he did not have to make any statement relative thereto unless he wished to, but that any statement he did make could be used against him.

Appellant told the county attorney that he did not know what he was talking about and that he did not want to make any statement. Notwithstanding appellant's desire to remain silent, the county attorney asked him what he had done with

the gun, to which appellant replied that he had thrown it in some weeds down by a certain cotton gin. Whether or not a search was made for the gun at the place indicated is not revealed by the record.

Mr. Gallehon, who was present when the county attorney propounded the questions to appellant, testified among other things as follows:

Mr. Moss asked him if he knew that the negro he had shot had died, to which he replied: "I don't know what you are talking about." He then asked him what he had done with his pistol and he said he had thrown it away behind the gin in the north part of town.

This constitutes the entire evidence upon which the State relied for a conviction. Appellant did not testify or offer any testimony, but contended that the State's evidence was wholly circumstantial and that the circumstances were insufficient to establish his guilt beyond a reasonable doubt. We are of the opinion that his position is well founded. The only testimony by which the State sought to show the identity of the appellant as the person who committed the offense is the res gestae statement of the deceased to the effect that "Neal" shot him, and the fact that appellant was the only negro in Garza County whose given name was "Neal." There is no testimony that there was no other person in the county whose given or surname was "Neal," nor is there any proof that appellant was in the vicinity of the shooting at the time it occurred or that he had any animosity or ill-feeling toward the deceased. No motive whatsoever is shown for the act.

The general test for the sufficiency of circumstantial evidence is whether or not the facts and circumstances proved exclude every other reasonable hypothesis except the guilt of the accused. If the testimony fails to meet this test, then it fails to meet the requirements of the law. The res gestae statement does not exclude the hypothesis that there were other persons in the county whose given or surname was "Neal." To presume that there was no such person would be indulging in presumptions against appellant's innocence. The testimony of the county attorney and Mr. Gallehon as to what appellant said in reply to questions by the county attorney was admitted on the trial over appellant's objection that he was under arrest at the time and that it was not a voluntary confession, not in writing and sworn to as required by law. We think this objection was well taken. It is our opinion that the circumstances surrounding him at the time he was taken into the county attorney's office and questioned relative to his connection with the offense were such

as would indicate to him that he was in custody. The statements there made by him, not being made in accordance with the law on the subject of confessions, would be inadmissible against him. See Fry v. State, 58 Texas Crim. Rep. 169; Calloway v. State, 55 Texas Crim. Rep. 262; Patrick v. State, 74 S. W. 550.

Even if we should hold said statements admissible in evidence, we find therein the statement to the county attorney by the appellant that: "I don't know what you are talking about." This statement not only denied the act but denied his presence at the scene of the offense and any knowledge thereof. This was offered by the State and not shown to be false. Hence, it occurs to us that the State is bound thereby. See Banks v. State, 56 Texas Crim. Rep. 262; Branch's Penal Code, Sec. 73, page 45.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.