## FRED JONES V. THE STATE.

*No. 702.    Decided October 28.*

1. **Evidence—Harmless Error.**—Where evidence questionable as to its admissibility has been withdrawn by the court from the jury after its introduction, the error, if any, becomes harmless.

2. **Argument of Counsel—Bill of Exceptions—Practice.**—Objectionable remarks of counsel should be promptly, when uttered, called to the attention of the court, and can not be presented for the first time in a bill of exceptions.

3. **Bill of Exceptions—Explanation and Approval of by Judge—Practice.** It is a proper practice for trial judges to explain, by indorsement, the reason for the ruling, but this does not include the right to contradict the bill of exceptions. Where the attorney will not agree to the proposed corrections, the judge should prepare his own bill.

4. **Same—Estoppel.**—Where a bill of exceptions which has been corrected by the judge is accepted and filed by the attorney, he is estopped from claiming that it is unfair.

5. **Same—Bill of Exceptions, When and How Prepared—Practice.**—A bill of exceptions should be taken as soon as possible after objection made; but, while it would be the duty of the judge to allow and sign it when taken, yet, if the exigencies of the trial forbid that it be stopped, the judge will be justified in refusing to do so. A memorandum of the objectionable matter with grounds of objection should be made and read over at the time to counsel to obviate a misunderstanding as to the matter, from which at the close of the trial a proper bill can be prepared.

6. **Burglary—Confession Before the Grand Jury—Verdict.**—Where a party charged with burglary has voluntarily gone before the grand jury and confessed his guilt, there should be no other verdict than one finding him guilty.

APPEAL from the District Court of Hunt.    Tried below before Hon. E. W. TERHUNE.

This appeal is from a conviction for burglary, the punishment assessed being two years' imprisonment in the penitentiary.

Defendant went voluntarily before the grand jury and, after being properly warned, confessed that he had entered the house of Mr. Hollon, the alleged injured party, through a window, and taken a basket containing provisions from the house.

*W. B. Sorrells, L. N. Byrd* and *J. H. Morgan,* for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of burglary and his punishment assessed at two years in the penitentiary, from which he appeals.

1. Appellant claims the court erred in admitting the conversation between himself and the witness Rutland that occurred a short time before the burglary was committed.

It is unnecessary to pass upon the question, for if there was any error, which is doubtful, it was obviated by the court withdrawing the evidence from the jury.

2. The remarks of the district attorney should have been promptly called to the attention of the court when they were uttered. The defendant's attorney should not remain quiet and then present the matter to the court for the first time in a bill of exceptions. Mason's case, 15 Texas Crim. App., 534; Kennedy's case, 19 Texas Crim. App., 618.

3. The appellant further excepts specially to the trial judge's explanations and qualifications on his several bills of exception, on the ground that the same were improper, and prevents and denies defendant a fair record upon appeal. In the second bill of exceptions the court states that the remarks of the district attorney are not correctly set out. It has always been the practice of the best judges to indorse upon a bill of exceptions the reasons explanatory of the ruling. This has been done not only as a matter of justice to themselves, but because it has been found to be of great assistance to the appellate court, in enabling it to weigh the objection in all its bearings. But this right to explain does not include the right to contradict the statements in the bill of exceptions. A contradiction is not an explanation. A trial judge should not approve a bill he does not believe correct. If the attorney does not agree to the proposed corrections, the judge should decline to approve the bill (Revised Statutes, article 1365), and should prepare his own bill as required by Revised Statutes, article 1366. Lanier v. Perryman, 59 Texas, 109; Willson's Crim. Stats., sec. 2364; Tyson's case, 14 Texas Crim. App., 390. Where, however, the counsel accepts a bill with the qualification indorsed thereon, and files the same, he estops himself from claiming it to be unfair and injurious to his client.

While the law in reference to saving bills of exception may seem plain, in practice it has always been found difficult and the source of much trouble. It is to the interest of all parties, and for the sake of fairness, that the bill should be taken as soon as possible after the objection is made. If the court is compelled to stop proceedings to allow a bill, whenever an objection is raised, it would simply place the proceedings at the will of counsel disposed to delay them or annoy the court. If presented to the opposite counsel he may delay by asking a more convenient season. If left to the close of the trial to be examined and approved, they are often so changed and qualified as to be of little service to the objector, and all opportunity of resorting to bystanders, at best an impolitic proceeding, is hopelessly gone. While it would be the duty of the trial judge to allow and sign a bill of exceptions at the time when taken, yet, if the course of the trial or want of time forbid such a method and justified the trial judge in refusing to stop the case to allow bills, a great deal of trouble would be obviated if he

would keep a memorandum of the objectionable matter with the grounds of objection thereto, which, when made, is stated or read over to counsel *at the time* to see that there is no misunderstanding between court and counsel as to the exact point objected to, and at the close of the trial furnish the memorandum to counsel to assist in the preparation of the bills of exception. But a careful examination of this case fails to disclose any error made by court or any injustice done the appellant by the judgment. He voluntarily went before the grand jury and confessed his guilt, and there could have been no other verdict.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.