### W. H. THOMAS v. THE STATE.

**1. Confessions, Made Under Arrest, to an Officer.**

After his arrest, and he had been warned by the officer, defendant was told, "That he had got himself into a pretty bad scrape, and that it might go lighter with him if he would tell all about it." Held: That the confession then made by him was vol-

untary, there being no promise by the officer to aid or assist the prisoner.  Following, Thompson v. State, 19 Tex. Crim. App., 594.

### 2.  Same—Made Before a Grand Jury.

A full confession made by a party before a grand jury after he had been duly cautioned, is competent evidence where, in the judgment of the court, it is material to a due administration of justice.

### 3.  Same—Rules as to Competency Of.

The correct rules as to the competency of confessions as evidence, are:  (1)  The burden is on the prosecution to prove that they were voluntary.  (2)  An affirmative confession, made with no expectation of its bringing good or averting evil, is voluntary.  (3)  An involuntary confession, even where the contemplated benefit is small, will be rejected.  (4)  The inducement held out, while of prime importance, is not decisive, and must be closely scrutinized in the light of the surrounding circumstances, and when so considered, if nothing pointing to the motive prompting it appears, the confession should be received.  (5)  The court has a wide discretion in the matter, and unless abused, its discretion will not be revised.

### 4.  Same—Inducement—What Is.

An inducement to a party to make a confession may consist in words alone, in acts alone, or in words and acts.

APPEAL from the District Court of Lamar.  Tried below before Hon. E. D. McCLELLAN.

This appeal is from a conviction for knowingly attempting to pass as true a forged instrument, the punishment being assessed at three years' imprisonment in the penitentiary.

The forged instrument was a note executed to the order of the First National Bank of Paris, for $212.  After his arrest, defendant was told by the constable, R. Trigg, that whatever he might say to him about his case would be used as evidence against him upon his trial, but could not be used for him.  Trigg says, "I afterwards also told him that he had got himself into a pretty bad scrape, and that it might go lighter with him if he would tell all about it."  Defendant then admitted that he had called for the letters at the postoffice, which led to his detection as the man who had committed the forgery.  On the next day, and after he was warned by J. A. Burris, another constable, at Paris, he said to Burris, "I am guilty, and want to get over it as soon as possible, and get off as light as I can."  Burris said he offered defendant no inducements to go before the grand jury, but accompanied him to the grand jury room.  The grand jury was in session when defendant appeared before them, and L. L. Hardison, the Assistant County Attorney, who was in attendance upon the grand jury in his official capacity, testifies that he also warned the defendant, and that defendant confessed that he had executed the forged instrument, and said he was guilty, and willing to go the penitentiary, and he asked the grand jury to be as light on him as possible, and do whatever they could for him, and some of the grand jurors responded that they would do what they could for him.

The defense was insanity.

[No briefs have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted for attempting to pass as true a forged instrument in writing, and given three years in the penitentiary, from which said judgment and sentence he prosecutes this appeal.    Confessions of appellant were introduced in evidence over his objection.    They were made while in arrest, but under proper caution.    The objection made by appellant to the admission in evidence of his confessions was that he had been induced to make them by an officer, and that they were not, therefore, voluntary, within the meaning of the statute.    The supposed inducement consisted in the following: R. Trigg, a deputy constable, states:    "When I went to defendant he said his name was not D. W. Jones, but that his name was W. H. Thomas.    After I arrested defendant I told him that whatever he might say to me about his case would be used as evidence against him upon his trial, but could not be used for him.    I afterwards also told defendant that he had got himself into a pretty bad scrape, and that it might go lighter with him if he would tell all about it."    Confessions made after this conversation were admitted in evidence.    Were they voluntary? They were.    See this subject discussed in Thompson v. State, 19 Tex. Crim. App., 594; Searcy v. State, 28 Tex. Crim. App., 513.    The Thompson and Searcy cases are not at all alike.    In the Thompson case there was no promise made to aid or assist the prisoner.    That is this case.    In the Searcy case there was.    A full confession of guilt with the particulars of the crime was made before the grand jury voluntarily, and after being cautioned.    This confession was introduced in evidence against defendant over his objection, the objection being that you could not admit the confessions because they were made before the grand jury. It is settled in this State that while such evidence is not properly admissible for all purposes, nor in reference to all proceedings of the grand jury, it is competent when, in the judgment of the court, it is material to the due administration of justice.    The case of Ruby v. State, 9 Tex. Crim. App., 353, was overruled in Clanton's case, 13 Tex. Crim. App., 139; Thompson v. State, 19 Tex. Crim. App., 594; Scott v. State, 23 Tex. Crim. App., 522.

We desire to make some further observations on the subject of confessions.    Wharton and Bishop are in conflict on this subject.    Wharton admits confessions if the person in authority merely states to the suspected person that it would be better for him to confess, or similar remarks.    Bishop rejects confessions made under these circumstances. See Whart. Crim. Ev. (8th Ed.) § 651; 1 Bish. New Crim. Law, § 1233. What, therefore, is the correct doctrine?    The burden is on the prosecuting power to prove that the confession was voluntary.    A confession (especially an affirmative one) appearing to have been made with no expectation of its bringing good or averting evil is termed voluntary (Id. § 1223); the real question being, in every case, whether or not the confessing mind was influenced in a way to create doubt of the truth of the confession.    The burden being on the State, the doubt must be excluded.    An involuntary confession, uttered to bring temporal good

or avert temporal evil, even when the contemplated benefit is small, will be rejected. The circumstances under which the confession was made are of very great importance. They must be looked to in all cases, and when this is done, and there is nothing pointing to the motive prompting the confession, it will be received. Now, whether there is an express or implied promise to aid the suspected person, or a threat of temporal injury, or whether the suspected person is told that it would be better for him to confess, etc., does not always solve the question. It is true that the inducement under which the confession was uttered is of prime importance, but not always decisive. The inducement and the surrounding circumstances decide the question. The inducement may not be sufficient to show the motive for the confession; but, when read in the light of the surrounding circumstances attending it, may be ample proof to create doubt of the truth of the confession. The judge should closely scrutinize these circumstances in connection with the inducement, and decide the question, and if nothing pointing to the motive prompting it appears he should receive it, and over this sort of question the court has a wide discretion. We hold in this case that it does not appear from the record that this discretion was abused. We are not to be understood that no inducement, standing alone, will justify the rejection of the confession. An inducement may consist in words alone, in acts alone, or in words and acts. Evidence was introduced for the purpose of showing that appellant was insane. The court instructed the jury upon this question. Appellant excepts to the charge of the court in this matter, and also excepts to the action of the court in rejecting special instructions. Under the decisions of this court, too numerous to be mentioned, the charge is correct and sufficiently full. The writer has given his views on this subject, and will not repeat them. There is no question whatever of the guilt of appellant, and the judgment is affirmed.

*Affirmed.*

DAVIDSON, Judge, absent.