## GLEN TISON v. THE STATE.

### No. 830.    Decided January 15th, 1896.

**Jurisdiction on Appeal—In Cases Originating in Justice's Court.**

Where a case originates in a Justice's Court and is appealed to the County Court, . and the judgment rendered or fine imposed in such latter court does not exceed $100 exclusive of costs, such judgment is final and the Court of Criminal Appeals has no jurisdiction over appeals from such judgments.    Following, Nelson v. State, 33 Tex. Crim. Rep., 379.

APPEAL from the County Court of Dallas.    Tried below before Hon. T. F. NASH, County Judge.

This appeal is from a conviction for selling intoxicating liquor to a a minor without the written consent of the parent, etc.    This case was instituted and prosecuted by complaint in a Justice's Court, wherein defendant was convicted and fined $50.    He appealed to the County Court, and upon trial in that court, was again convicted and fined in the sum of $25, and seeks to prosecute this appeal from the latter judgment.

*Mann Trice,* Assistant Attorney-General, moved to dismiss the appeal for want of jurisdiction.

*Miller & Williams,* for appellant.

DAVIDSON, JUDGE.—The appellant was tried and convicted in the Justice's Court, and appealed to the County Court, and from the judgment of the County Court he prosecutes this appeal.    In the Justice's Court he was fined in the sum of $50, and in the County Court he was again convicted, and fined in the sum of $25.    The appeal in this case must be dismissed, because this court cannot entertain it, for want of jurisdiction.    The precise question here presented was decided by this court in Nelson v. State, 33 Tex. Crim. Rep., 379.    This appeal herein is dismissed.

*Appeal Dismissed.*