ZEB FRY v. THE STATE.

No. 366.    Decided January 26, 1910.

1.—Theft—Confessions—Warning—Statute Construed.

Where upon trial for theft the evidence showed that the defendant was practically under arrest at the time he made the alleged confessions, and it appeared that the same were not made in writing under the formalities of the statutes, requiring that such confessions must be in writing, after due warning, etc., the same were inadmissible in evidence.

2.—Same—Juvenile Criminal—Query.

See opinion with reference to prosecutions under provisions of section 9 of the Act of the Thirtieth Legislature, page 137, referring to juvenile criminals under the age of sixteen years, which the court refrains from construing.

Appeal from the County Court of Titus. Tried below before the Hon. W. E. Riddle.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $1 and one day confinement in the county jail.

The opinion states the case.

*Rolston & Ward,* for appellant.—On question of admitting defendant's confession: Gutgesell v. State, 43 S. W. Rep., 1016; Christian v. State, 51 S. W. Rep., 903; Grimsinger v. State, 44 Texas Crim. Rep., 1, 69 S. W. Rep., 583; Twiggs v. State, 75 S. W. Rep., 531; McIllwaine's Pocket Digest, article 790.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of theft of a pistol. 1. A bill of exceptions was reserved by appellant, which is as follows: "I was foreman of grand jury in March, 1909. We had under investigation a charge against the defendant for stealing a pistol and we sent out and had the defendant brought before us and had him duly sworn and then presented a pistol to him, and asked him if it was the pistol his father had turned over to Cat Goss, constable of Precinct No. 3, Titus County, Texas, and the defendant then stated that it was. I then asked the defendant where he got it and he told me that some time in July, I think he said, about the 25th of August, 1908, he bought it in a hardware store in the town of Mt. Pleasant, Texas, on the west side of the courthouse square. I then had him to take me and show me what house, or point it out to me where he bought the pistol. I then asked him what he gave for it, and he stated that he gave three dollars for it."

Various objections were urged to the introduction of this testimony. Without going into these seriatim, appellant was practically under arrest at the time, and was suspected of the theft of the pistol which was then being investigated by the grand jury; he was not in any wise warned. Under the authority of Wood v. State, 22 Texas Crim. App., 431, this evidence was inadmissible. The Wood case has been followed by all subsequent cases where the question was involved under a condition stated in that case. At the time the Wood case was written a verbal confession or admission could be introduced, the particular predicate having been laid for that purpose. However, the rule is now different by the statute. Where a statement, admission, or confession of an accused party, when under arrest or in confinement, is sought to be used, under the present statute, the same must be reduced to writing under the formalities and solemnities set out in the terms of that statute. The statements of appellant were not reduced to writing as required by the recent statute, and, therefore, inadmissible.

2. There is also a bill of exceptions to the action of the court in regard to failing to enter an order allowing the prosecution of defend-

ant under the provisions of section 9 of the Act of the Thirtieth Legislature, page 137, appellant being at the time under the age of 16 years. We deem it unnecessary to enter into a discussion of that question in this opinion. The question may not arise upon another trial, or if it does it may come up in a different form. We, therefore, think it unnecessary to decide it on this appeal.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*