# MARCH 17, 1937

CLARENCE (PUNY) ABSTON V. THE STATE.

No. 18656. Delivered January 27, 1937.
State's Rehearing Denied March 17, 1937.

The opinion states the case.

*T. R. Odell* and *John Banks,* both of Haskell, for appellant.

*H. F. Grindstaff,* District Attorney, of Haskell, *Stinson, Hair, Brooks & Duke,* of Abilene, *Ben Chas. Chapman,* County Attorney, of Haskell, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, death.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Rebecca Coursey by beating her with a hame.

C. Matura, an accomplice witness, testified that he killed deceased by beating her with a hame. According to the version of the witness, appellant induced him to commit the homicide. He testified that appellant was near the house when he killed deceased. The State introduced in evidence three confessions of the appellant, in each of which it was stated that appellant induced Matura to commit the homicide, and that appellant was near the house at the time the offense was committed. It it inferable from the record that appellant kept watch while Matura killed deceased.

On the trial appellant repudiated his confessions. It was his version that he had nothing to do with the transaction resulting in the death of deceased. He testified that he had been coerced to make said confessions. Touching his first statement, appellant testified that the officers had threatened to kill him; that one of the officers placed a garment around his face and smothered him; that said officer struck him; that after he had been mistreated in the manner indicated he asked to be returned to jail, with the statement that he would tell the truth; that after his return to the jail he was required to stand up for many hours, during which time he was constantly questioned by the officers; that he was given no water during the time he was being questioned. It appears that the officers worked in relays, some of them resting while others continued to question appellant. Appellant testified that he was unable to stand the torture and finally made a written statement to the district attorney to the effect that he had induced Matura to kill deceased. He testified, further, that this statement was false. The officers admitted in their testimony that appellant had been taken from jail in an automobile and had been advised that he ought to be killed, but that they did not want to

kill him. Moreover, it was admitted by them that one of the officers suddenly placed a shirt around appellant's head and bumped appellant with his knee. At this juncture, according to their testimony, appellant agreed to make a statement if they would take him back to jail. Further, the officers admitted that appellant was not permitted to sit down after returning to jail and was questioned continuously for many hours before he made the written statement. About a day after making his first statement appellant was taken before the grand jury by officers, and there made substantially the same statement that he had made to the officers. On another day he was again carried before the grand jury, to whom he made substantially the same statement. According to appellant's testimony, his fear of the officers induced by the torture he had undergone impelled him to make these subsequent statements.

Appellant objected to the introduction in evidence of each of the statements to which reference has been made. The opinion is expressed that it was shown beyond controversy that the first statement was involuntary. Hence its reception in evidence constitutes reversible error. Art. 727, C. C. P., reads as follows:

"The confession shall not be used if, at the time it was made, the defendant was in jail or other place of confinement, nor while he is in the custody of an officer, unless made in the voluntary statement of accused, taken before an examining court in accordance with law, or be made in writing and signed by him; which written statement shall show that he has been warned by the person to whom the same is made: First, that he does not have to make any statement at all. Second, that any statement made may be used in evidence against him on his trial for the offense concerning which the confession is therein made; or, unless in connection with said confession, he makes statements of facts or circumstances that are found to be true, which conduce to establish his guilt, such as the finding of secreted or stolen property, or the instrument with which he states the offense was committed. If the defendant is unable to write his name, and signs the statement by making his mark, such statement shall not be admitted in evidence, unless it be witnessed by some person other than a peace officer, who shall sign the same as a witness."

When proof that the confession was voluntary is essential to admit it in evidence, and the testimony is conflicting upon that issue, it is the practice to submit it to the jury for solution. Williams v. State, 225 S. W., 177. However, when the

evidence shows without conflict, as in the present case, that the confession was coerced by the officers in charge of the prisoner the court should exclude it. Williams v. State, supra.

As to the subsequent statements made to the grand jury, we are of opinion that the record before us fails to present evidence sufficient to rebut the presumption that in making the subsequent confessions the same influences which coerced appellant in the admission of guilt in the first place impelled his subsequent reaffirmance of guilt. In Williams v. State, supra, this court said: "We think the presumption should obtain, in the absence of evidence rebutting it, that the same influences which coerced him into the admission of guilt in the first place impelled his subsequent reaffirmance of guilt, or guilty knowledge."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Representatives of the State have filed a motion for rehearing urging that we erred in holding; (a) that it was shown beyond controversy that the first confession of appellant introduced by the State was involuntary, and (b) that the evidence was insufficient to rebut the presumption that in making the subsequent confessions appellant was under the same influences which impelled the first.

It is undisputed that appellant was arrested and placed in jail, and that nothing was done by the officers to coerce from him a confession until after a confession from Matura had been obtained in which he implicated appellant. Then appellant was taken out of jail by the sheriff and a ranger and taken away in an automobile driven by the sheriff with the ranger and appellant on the back seat. He was questioned by the ranger but persistently denied any connection with the killing. Appellant testified that the ranger threatened to kill him; this the ranger denied, but admitted that he repeatedly told appellant he "ought to be killed." During this trip, and while appellant was being questioned it is admitted by State's witnesses that appellant said, "Men, you could kill me, and I have told you all I can tell you." At this point the ranger picked up a shirt which belonged to Matura, and which was in the car, and

pulled the shirt around appellant's face. The officer denied that he choked or suffocated appellant, but appellant did so testify; and the officer admitted that just at that time appellant said "Don't hurt me, men. Take me back and I will tell you the truth." He was taken back to jail and made some kind of statement which was not satisfactory to the officers. It is undisputed that appellant was then taken from his cell in the jail and for twenty-one hours he was made to stand up and was questioned by relays of officers without any rest. Some of the officers admit that during the twenty-one hours appellant was refused a drink when he requested water. One of the officers admitted that there "were about three or four crews" engaged in the questioning, and that the "crews" relieved each other. This same officers very frankly admitted that they were resorting to the means mentioned to get a confession from appellant. The officers testified:

"I did it to get him to, and that was the object of it. * * * It was the understanding between me and the sheriff and all the force that we would go over there and make him stand up and question him until he would give a statement. * * * I was acting under the instructions of the sheriff of this county, and he told me to do just what I was doing."

We have omitted any detailed testimony given by appellant regarding the matter, because we desired to make it plain that the State's own evidence makes it obvious that the confession was coerced from appellant. The second and third confessions were made by appellant before the grand jury so soon following the first confession that we still feel impelled to follow the rule laid down in Williams v. State, 88 Texas Crim. Rep., 87 225 S. W., 177, and which is supported by the authorities therein cited. The State's evidence might be such upon another trial as to raise an issue whether the presumption that the subsequent confessions were made under the same influences which coerced the first one had been rebutted.

We note that all the officers testified that appellant was subjected to no "mistreatment or violence," even though admitting a continued questioning for twenty-one hours, during which time appellant was not permitted to even sit down, and refused water by most of the officers. It seemed to be the idea of the officers that unless actual *physical* violence was used towards appellant there was no mistreatment. The Legislature entertained an entirely different view when it passed in 1923 what is now Art. 1157, P. C., which reads:

"Any sheriff, deputy sheriff, constable, deputy constable,

Texas ranger, city marshall, chief of police, policeman, or any other officer having under arrest or in his custody any person as a prisoner who shall *torture, torment* or *punish* such person by inflicting upon him any *physical or mental pain* for the purpose of making or attempting to make such person confess to any knowledge of the commission of any offense against the laws of this State, shall be fined not less than one dollar nor more than one thousand dollars or be imprisoned in jail not to exceed one year, or both such fine and imprisonment, and in addition thereto the jury may state in its verdict that the defendant should never thereafter be allowed to hold any office of profit or trust under the laws of this State, or any subdivision thereof, nor any city or town thereof. Should the jury so state in its verdict, the court trying said case shall render judgment in accordance with said verdict and thereafter the defendant shall forever be barred from holding any such office."

We also call attention to Art. 727a, C. C. P., which is as follows:

"No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

It is unfortunate that officers in their zeal sometimes go about obtaining confessions on the apparent idea that the "end justifies the means," thereby defeating the very thing they hope to accomplish. The law which the courts are called on to apply is that found in the two statutes quoted above, and the one quoted in our original opinion.

The motion for rehearing is overruled.

*Overruled.*