# FEBRUARY 1, 1939

## CLARENCE (PUNY) ABSTON V. THE STATE.

No. 19471. Delivered November 16, 1938.
Rehearing Denied February 1, 1939.

The opinion states the case.

*T. R. Odell*, of Haskell, and *J. B. Engledow*, of Thornton, for appellant.

*Ben C. Chapman*, District Attorney, of Haskell, *H. F. Grindstaff*, of Rotan, *Stinson, Hair & Brooks*, of Abilene, *Tom Davis*, of Haskell, and *Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is murder; the punishment, confinement in the state penitentiary for a term of fifty years.

This is the second appeal of this case. The opinion delivered on the former appeal may be found in 132 Texas Crim. Rep. 130, 102 S. W. (2d) 428. Since the facts adduced upon a second trial are similar to those adduced upon the first trial we deem it unnecessary to again re-state them.

Appellant again complains of the admission in evidence of an alleged confession made by him before the grand jury. The bill shows that he made more than one confession. The confession now involved was made the day after he had been taken from the Haskell County jail and secretly carried by way of Stamford to Anson and there placed in jail for safekeeping. The reason for his removal appears to have been fear of mob violence. He was returned to Haskell about noon of the following day and taken before the grand jury in the afternoon when the present confession was made. The treatment which he received at the hands of the officers is fully set out in the former opinion, which held that the confession made following such treatment was inadmissible. When the subsequent confession before the grand jury was introduced in evidence against him on the trial of this case he objected to its admission·on the

ground that it was not a free and voluntary statement; that it had been obtained by force, threats and coercion.

From our former opinion it will be noted that we held that the confession here introduced would not be admissible unless the State rebutted the presumption that said confession was made while the accused was laboring under the same influences which rendered his former confession inadmissible.

The State, upon whom rested the burden of proof in this respect, sought to show that appellant was apparently cool, calm and collected at the time he made the confession to the grand jury; that he was not laboring under any fear or apprehension of mistreatment. Some of the grand jurors testified for the State that appellant did not seem to be scared; that they could not read his mind; that he submitted to just what he was told to do. Others testified that he appeared not to be scared or frightened. The appellant testified that at that time he was laboring under the same fear of threats and violence which induced him to make the former confession.

We refrain from reciting at length appellant's testimony regarding the treatment he received which induced his former confession, and the fear he was under when the present confession was made before the grand jury. There is one significant statement in appellant's evidence, however, to which we do advert, and which indicates that even upon the first trial after these confessions were obtained appellant was still apprehensive that he might be subjected to harm if in his testimony he varied from statements contained in his confessions. We quote from appellant's evidence incorporated in the bill of exception as follows:

"From the time I was arrested up until the time that statement was made, nobody ever offered to protect me in any way. Nobody offered to protect me until the judge here told me he would protect me. That was when they were getting arranged for trial. I had reported the treatment that I had received to the district attorney. He come in there and I told him I was being smothered, and some people were going to kill me if I turned my back to them, and some people were going to kill me and after I wouldn't make a statement just like they wanted, he said, 'As far as I am concerned, you all can take him back.' He never offered me any protection in any way, and the sheriff never did offer me any protection. He was doing everything else but protecting me. As to what the court told me when I called on him for protection, he just told me to go ahead and state the facts of the business, that he would see that the rangers didn't get hold of me any more, or something like that."

Perhaps we can not rely too far on appellant's evidence under the circumstances here present, but it seems undisputed that he was at the time of the former trial laboring under the same influences which rendered inadmissible a former confession and was calling upon the trial court for assurance of protection even at the time of the former trial. This fact strengthens our view that the presumption has not been rebutted that appellant was laboring under the same influences at the time the present confession was obtained which rendered the former confession inadmissible. When the confession used on this trial was obtained only a few days at most had elapsed since the confession had been obtained which was held inadmissible on the former appeal.

The manner and means by which the officers obtained the former confession rendered it inadmissible in evidence against the accused and the burden rested upon the State to show that the subsequent confession was not made while the accused was laboring under the same influences which prompted him to make the former. This, we think, the State has failed to do.

Our Legislature, when it enacted Art. 727 C. C. P., realized that any confession obtained by force, threats or coercion was presumptively unreliable and should not be admitted in evidence against an accused when so obtained. See Williams v. State, 225 S. W. 177, and the former opinion rendered in this case.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We agree with the State's contention that nothing in this record indicates that appellant was in any way mistreated or threatened while in the grand jury room or while being returned from Anson to Haskell in company with Mr. Chapman and the two peace officers with them. The conduct which gave rise to the presumption against the State regarding the statement made by appellant before the grand jury occurred some forty-eight hours prior thereto, and induced a confession which this court felt impelled to hold inadmissible upon the former appeal as reported in 132 Tex. Cr. R. 130, 102 S. W. (2d) 428. The facts upon which such holding was predicated

are set out at some length in the opinions on the other appeal. What we say here will be better understood if read in connection with the other opinions. Appellant made several statements which did not meet with the approval of the officers who had him in charge and their conduct towards him was not abated until he gave a confession satisfactory to them. We have re-examined the present record looking for testimony upon which we could conscientiously base a holding that the presumption had been overcome that the confession here involved was made under the same influences which coerced appellant into making the former confession. We think the evidence before us does not justify such holding.

The uncontradicted fact from the significance of which we see no escape is that at the time of the former trial appellant appealed to the presiding judge for protection against certain officers. After being assured of such protection appellant then, and not until then, repudiated both confessions and testified on the trial in accordance with the first statement made to the officers—which was unsatisfactory to them—to the effect that he was not connected with the homicide. If appellant is guilty and goes unwhipped of justice of course it is to be regretted; so also is the well meant but reprehensible conduct of the officers which makes the exclusion of the confessions imperative. Under our oath to support the Constitution and laws of the state no other course appears open whereby the enforcement of the plain and positive mandate of our statute regarding confessions may be brought about than to hold the confessions inadmissible in evidence.

The motion for rehearing is overruled.