# JUNE 12, 1940

CLARENCE (PUNY) ABSTON V. THE STATE.

No. 20929. Delivered April 24, 1940.
Rehearing Denied June 12, 1940.

The opinion states the case.

*T. R. Odell,* of Haskell, and *J. Balch,* of Seymour, for appellant.

*Tom Davis* and *B. C. Chapman,* District Attorney, both of Haskell, *H. F. Grindstaff,* of Rotan, *Stinson, Brooks & Hair,* of Abilene, *L. M. Williams,* District Attorney, of Benjamin, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Clarence (Puny) Abston was convicted in Baylor County for murder and given ninety-nine years.

This is the third appeal. The opinion in the former appeals are found in 132 Texas Crim. Rep., 130; 102 S. W. (2d) 428, and 136 Texas Crim. Rep. 152; 123 S. W. (2d) 902. Reference is here made to the former opinions for a statement of the nature and result of the case and the issues involved, particularly that relating to the admissibility of the confession of the appellant and which holding is herein re-stated and adhered to.

Although the case was reversed on the former trial because of the admission of the written confession of the appellant, we find the same confession in the record in the present appeal over the objection of the appellant. The State contends that because of the fact that it has strengthened this record, it has now become admissible. We are here called upon to decide whether or not the additional testimony in the case will sustain the court in admitting the written confession of the appellant.

In the first place, the State offered in evidence an old steel buggy hame which was found near the home of the appellant in a pile of trash that had been burned which, it is said, matches the hame with which the appellant's partner in crime took the life of Miss Rebecca Coursey. It appears to be the theory that this strengthens the statement of appellant and proves the truthfulness of the things therein related. We doubt the probative force of this evidence, but however strong the circumstance, it is certain that the forced confession of the defendant in the case cannot become admissible because of the act of the State in proving the truthfulness of the things asserted. In other words, the constitutional inhibition against forcing a defendant in a criminal prosecution to testify against himself is not limited to false testimony. It includes every fact, true or false, which he may be forced to give. This testimony cannot be helpful.

Again, the State introduced a number of witnesses who gave their opinions as to the calm, cool and deliberate appearance of the appellant on various occasions and particularly immediately prior to the making of the confession in the presence of the grand jury. We have concluded that the nature of this testimony is insufficient to overcome the burden cast on the State and discussed in the previous opinion; and that for the reasons heretofore given, the court committed error in admitting the written confession of the appellant, requiring that this cause be reversed and remanded for a new trial.

Further objection is raised in this appeal to the testimony of C. Matura who, it is claimed, took the life of Miss Rebecca Coursey by beating her with a buggy hame at the instance and under the direction of the appellant in this case and who has been electrocuted for the crime. Prior to his electrocution Matura made a statement and gave his evidence which was introduced against the appellant in the trial from which this appeal comes. The objection to this testimony is made on two grounds: First, that Matura had been convicted in the District Court of Fayette County in June, 1897, for the offense of manslaughter. A pardon was issued by the acting Governor of Texas on the 18th day of May, 1936, which recited that the conviction was in 1894. The testimony of Matura, which was introduced in the trial of this case, stated that he was convicted only the one time in Fayette County for manslaughter. The error in the pardon is descriptive, and by reason of the testimony showing without dispute that Matura was convicted but the one time, it is apparent that it was the intention of the Governor to pardon Matura of that offense. The discrepancy in the dates is harmless. Watson v. State, 237 S. W. 298; Hunnicutt v. State, 20 Tex. Cr. App. 632; 44 Tex. Jur. p. 1049.

It is further contended that this evidence is inadmissible as evidence of a deceased person because the witness had been electrocuted by order of the State of Texas who now offers his testimony as that of a deceased witness. The authorities have made no such exception, and we do not believe such should be made. It will not be presumed that the State of Texas wrongfully executed Matura. He forfeited his life under the law, and it was his own act that brought it about, not that of the State of Texas. The conviction, judgment and subsequent electrocution, according to law, were not set in motion by the State, but simply carried out under previously enacted statutes. Each step, it will be presumed, was in due order, and there

is no reason why the State should be deprived of the testimony of Matura on the trial of this case simply because the law had taken its course.

We find no further error in the case, but for the reasons hereinabove set out, the judgment of the trial court is reversed and cause remanded for a new trial.

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The State in its motion for rehearing presents nothing which has not heretofore been considered by the court.

Nothing useful can be added to what was said in our original opinion on the present appeal, and what appears in our opinions upon the former appeals, reported in 132 Tex. Cr. R. 130, 102 S. W. (2d) 428, and in 136 Tex. Cr. R. 152, 123 S. W. (2d) 902.

The undisputed facts testified to by the officers themselves, leading up to securing of the first confession from appellant bring this case squarely under the opinion of the Supreme Court of the United States in Chambers, et al v. The State of Florida, decided at the October Term, 1939, of said court, and also the opinion of said court in White v. The State of Texas, decided on May 27, 1940. (60 Supreme Court, 1032.) We think the presumption against the State from the manner of securing prior confessions not overcome by the evidence in the present record.

It is apparent that no conviction can legally be obtained without resort to the confession because only by such means can the evidence of Matura, the accomplice witness, be corroborated as required by Art. 718 C. C. P. The confession not being usable, the State's case falls. The result may be regrettable, but perchance this case may to some extent point out the limit beyond which it is not permissible to go in securing confessions.

The motion for rehearing is overruled.